23-7810
*United States v. Hampton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

PRESENT:   STEVEN J. MENASHI,
                    EUNICE C. LEE,
                         *Circuit Judges,*
                    HECTOR GONZALEZ,
                         *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

       *Appellee,*

   v.                                                                      No. 23-7810

JUSTIN HAMPTON,

       *Defendant-Appellant,*

TERRELL HASKINS,

       *Defendant.*[†]

_____

[*] Judge Hector Gonzalez of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant*:    STEVEN LYNCH, Law Offices of Steven E. Lynch, New York, NY.

*For Appellee*:    BRANDON CHRISTOPHER THOMPSON, Assistant United States Attorney (Madison Reddick Smyser, Jacob R. Fiddelman, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Justin Hampton appeals from a judgment entered by the United States District Court for the Southern District of New York. Hampton was convicted for his role in a spree of fourteen armed robberies of convenience stores in New York City. He was convicted of conspiracy to commit Hobbs Act robbery; committing Hobbs Act robberies on or about October 19, 2021, and November 10, 2021; using, carrying, and possessing, or aiding and abetting the use, carrying, and possession of a firearm which was brandished during the robbery on October 19, 2021; and possession of a firearm after a felony conviction. The district court sentenced Hampton to 188 months of imprisonment, to be followed by three years of supervised release, and ordered restitution in the amount of $18,312.

On appeal, Hampton argues that (1) the government failed to produce sufficient evidence to prove that he committed a Hobbs Act robbery on October 19, 2021, and that he brandished a gun during that robbery, and (2) his sentence was procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I

In reviewing Hampton's challenge to the sufficiency of the evidence, "we must sustain the jury's verdict if, crediting every inference that could have been drawn in the government's favor and viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Raniere*, 55 F.4th 354, 364 (2d Cir. 2022) (quoting *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021)); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.").

## A

There was sufficient evidence to support Hampton's conviction for Hobbs Act robbery on October 19, 2021. The evidence included (1) cell-site location information showing that Hampton's cellphone was in the vicinity of the Family Dollar on the evening of the robbery, *see* App'x 830-31; (2) security camera footage showing that Hampton's car was parked near the Family Dollar on the evening of the robbery and that a group of individuals exited the car immediately prior to the robbery and ran back to it shortly after the robbery, *see id.* at 274-80; (3) testimony in which the manager of the Family Dollar provided a description of the robbers and the gun that matched Hampton's appearance and the gun found in the apartment where Hampton was arrested, *id.* at 223-27; and (4) data from Hampton's cellphone showing that on the night of the robbery, he sent text messages in which he said, "I'mma kill them today. I gotta see Family Dollar," *id.* at 681-82, and that he searched for Family Dollar locations, *id.* at 645-46.

The government also introduced footage from a nearby camera of the robbers walking toward the Family Dollar. One robber wore "an inside out sweatshirt that's black with a gray stripe across the middle of it" with a "red tag." *Id.* at 275-76. A selfie on Hampton's cellphone showed an individual wearing a similar sweatshirt. *Id.* at 646-48. From this evidence, a reasonable jury could have

3

concluded that Hampton was the robber in the distinctive sweatshirt during the robbery on October 19, 2021.

The jury was also entitled to rely on evidence that Hampton participated in other robberies in the spree. The government argued that Hampton participated in fourteen robberies, each of which followed a similar pattern as the robbery on October 19, 2021. The government offered evidence that (1) Hampton's car was in the vicinity of each robbery, *see id.* at 601-05; (2) most of the other robberies involved an individual who physically resembled Hampton wearing the distinctive sweatshirt and brandishing a gun, *see id.* at 303-16, 355-60, 394-96, 509-10. From this evidence, a reasonable jury could infer that Hampton was the individual who wore the distinctive sweatshirt during the other robberies, including the robbery that occurred on October 19, 2021. *See United States v. Chambers*, 2022 WL 6831645, at *2 (2d Cir. 2022) (explaining that the jury "could rely on evidence that was common to proving the multiple charged robberies to make conclusions about [the defendant's] participation in each one").

**B**

There was also sufficient evidence to support Hampton's conviction for using, carrying and possessing, or aiding and abetting the use, carrying, and possession of a firearm that was brandished during the robbery on October 19, 2021. The manager of the Family Dollar testified that a group of individuals entered the store, and "the first person who walked in … was holding what I believe was a gun," which was "black and gold." App'x 227. The robbers said that "they want the money." *Id.* at 224. The jury saw surveillance video showing that the first person to enter the store wore the distinctive sweatshirt. *See id.* at 223-27. Law enforcement officers found a black and gold gun in the apartment where Hampton was arrested. *See id.* at 149-51. Based on this evidence, a reasonable jury could conclude that Hampton was the robber in the distinctive sweatshirt who used the black and gold gun during the robbery that occurred on October 19, 2021.

4

## II

We review claims of procedural error in sentencing "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court commits procedural error where it fails to calculate the Guidelines range," bases a sentence on a "mistake in its Guidelines calculation," "does not consider the § 3553(a) factors," "rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). There is "no requirement that the court mention the required factors, much less explain how each factor affected the court's decision." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006). Rather, "[t]he court's explanation of its sentence 'must satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Sepulveda*, 850 F. App'x 98, 99 (2d Cir. 2021) (quoting *Cavera*, 550 F.3d at 190). "Where, as here, a defendant does not object at sentencing to a district court's failure to explain its reasoning, we review the procedural challenge for plain error." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

We see no procedural error in the sentence imposed by the district court. The district court adequately explained the "exceedingly serious and dangerous offense conduct," which was "terrifying," "violent," and "easily could have turned deadly." App'x 1527-28. The district court explained that it believed Hampton deserved a longer sentence than his co-defendant because Hampton served as the gunman and was therefore more culpable. *See id.* at 1531. The district court thought it was "also worth mentioning how brazen" was Hampton's conduct: "even with the getaway car and the pistol seized," Hampton continued to rob stores using a "pellet gun that resembled a real gun" and a "scooter to flee the scene." *Id.* at 1528-29.

Hampton argues that the district court failed to specifically address his argument "that he would be significantly less likely to commit further offenses"

5

once released because of his age. Appellant's Br. 35. The district court was not required to reference each argument that Hampton raised in his sentencing submission. Rather, the district court needed only to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The record here shows that the district court provided a detailed explanation of how it "weighed the relevant considerations and selected the sentence imposed." *United States v. Rosa*, 957 F.3d 113, 120 (2d Cir. 2020). Accordingly, Hampton's sentence is not plainly erroneous.

*   *   *

We have considered Hampton's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court